McCULLOUGH, Judge.
Plaintiff William S. Cook appeals the trial court's order which denied his motion to compel arbitration. The underlying facts are listed below.
Plaintiff is a public adjuster who is authorized to provide services in North Carolina. Defendants John and Angelica Coffey owned a home in Madison County, North Carolina. After the home suffered severe water damage, defendants had a dispute with their insurance company. According to plaintiff, defendants entered into a contractual agreement in which plaintiff agreed to provide public adjusting services in exchange for 33% of any recovery defendantsreceived from the insurance company. Plaintiff further claims that this contract had an arbitration clause forcing the parties to settle their disputes through arbitration. Ultimately, defendants retained an attorney and received $350,000.00 from their insurance policy. However, plaintiff did not receive any money from defendants.
On 26 October 2000, plaintiff filed suit in the United States District Court in Asheville, North Carolina. Defendant attached a document that was dated 29 November 1999, but did not seek to arbitrate the dispute. Plaintiff voluntarily dismissed the suit without prejudice on 4 April 2001. Plaintiff then filed suit in the Superior Court of Madison County and attached a purported second contract that was dated 15 November 1999.
Plaintiff's case was heard in the Superior Court of Madison County. There was some evidence in the record tending to show that Angelica Coffey signed one of the documents on behalf of her husband who suffers from a disease similar to rheumatoid arthritis. There was also testimony that John Coffey signed the other document without assistance. After hearing the testimony and reviewing the evidence, the trial court denied plaintiff's motion to compel arbitration. Plaintiff appeals.
On appeal, plaintiff argues that the trial court erred in denying the motion to compel arbitration. We disagree and affirm the decision of the trial court.
Although interlocutory, an order denying a motion to compel arbitration is appealable immediately because it affects asubstantial right that will be lost if appellate review is delayed. Boynton v. ESC Med. Sys. Inc., 152 N.C. App. 103, 106, 566 S.E.2d 730, 732 (2002). Accordingly, this appeal is properly before this Court.
In general, "public policy favors arbitration." Raspet v. Buck, 147 N.C. App. 133, 135, 554 S.E.2d 676, 678 (2001). However, "[t]he law of contracts governs the issue of whether there exists an agreement to arbitrate." Routh v. Snap-On Tools Corp., 108 N.C. App. 268, 271, 423 S.E.2d 791, 794 (1992). "[T]he party seeking arbitration must show that the parties mutually agreed to arbitrate their disputes."Id. at 271-72, 423 S.E.2d at 794.
In the present case, the trial court made findings of fact and a conclusion of law. However, as defendants point out, plaintiff did not assign error to any of the findings. "[W]here no exceptions have been taken to the findings of fact, such findings are presumed to be supported by competent evidence and are binding on appeal." Heating Co. v. Realty Co., 263 N.C. 641, 651, 140 S.E.2d 330, 337 (1965). The remaining issue is whether these findings, in turn, support the conclusion of law. Id.
The trial court made a single conclusion of law stating that plaintiff's motion to compel arbitration should be denied. In support of that conclusion, the trial court made two important findings of fact:
1. The Defendant Angelica Coffey never entered into a contract with the Plaintiff providing for any arbitration of disputes with the Plaintiff.
2. The Court was presented with two alleged contracts, purportedly signed by the Plaintiff and the Defendant John J. Coffey. The Plaintiff has failed to meet his burden that the Defendant John J. Coffey entered into any contract which required arbitration.
We believe that these unchallenged findings are adequate to support the trial court's decision to deny the motion to compel arbitration. Since the parties never entered into a contractual agreement which required arbitration, neither John Coffey nor Angelica Coffey may be forced to arbitrate this dispute.[1]
Since the trial court's unchallenged findings of fact support its sole conclusion of law, the trial court correctly denied the motion to compel arbitration. The decision of the trial court is
Affirmed.
Judges TIMMONS-GOODSON and HUNTER concur.
Report per Rule 30(e).

The fact that there is evidence to the contrary does not change this result. Plaintiff did not assign error to the findings of fact which are binding on appeal. And, as we have indicated, the trial court's findings support its conclusion of law. Further, unlike instances where a party may be equitably estopped from asserting that the lack of his or her signature on a written contract precludes the enforcement of arbitration, while maintaining other provisions of the same contract benefit him or her, here the party denouncing the existence of the arbitration agreement claims no benefit and seeks no enforcement of the alleged contract. See LSB Fin. Servs. v. Harrison, 144 N.C. App. 542, 548-49, 548 S.E.2d 574, 579 (2001).